FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HERMOGENES PALACIO,<br><br>                    Petitioner,<br><br>          v.<br><br>MICHAEL S. EVANS, Warden,<br><br>                    Respondent. | No. CV 09-2097-FMC (AGR)<br><br>OPINION AND ORDER ON PETITION<br>FOR WRIT OF HABEAS CORPUS |

On March 26, 2009, Petitioner Hermogenes Palacio, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

## I.

## PROCEDURAL HISTORY

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner: *Hermogenes Palacio v. M. Yarborough*, CV 03-1276 FMC (Mc) ("*Palacio I*").

Petitioner was convicted of second degree murder with personal use of a firearm. On November 19, 1999, Petitioner was sentenced to 25 years to life in state prison. (Petition at 2; *Palacio I*, Report & Recommendation at 1-2.) On June 16, 2000, the

California Court of Appeal affirmed the judgment. (Petition at 3.) On August 23, 2000, the California Supreme Court denied a petition for review. (*Palacio I*, Report & Recommendation at 2.)

In *Palacio I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on February 24, 2003. (Dkt. No. 1.) Petitioner challenged his 1999 conviction based on two grounds: trial court's failure to instruct sua sponte on CALJIC 2.02 and ineffective assistance of counsel based on failure to investigate competency to stand trial. On September 27, 2005, the Court entered Judgment denying the petition with prejudice. (Dkt. Nos. 49-50.) On November 3, 2005, Petitioner filed a Notice of Appeal. (Dkt. No. 51.) This Court denied Petitioner's request for a certificate of probable cause on December 7, 2005. (Dkt. No. 53.) On June 23, 2006, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Case No. 05-56861, Dkt. No. 57.).

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.") (citation omitted).

Here, the Petition is a second or successive petition that challenges the same custody imposed by the same judgment of the state court as in *Palacio I*. (Petition at 2, 5.) The Petition contains two grounds for relief based on ineffective assistance of counsel for failure to challenge imposition of a sentence for a firearm use enhancement and for failure to argue that the firearm use enhancement constituted double jeopardy. (Petition at 5 & attached sheets 1-3.)

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: *April 6, 2009*

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

Presented By:

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

3